IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SCOTT W. HENLEY, ET AL.** **PLAINTIFFS**

**VS.**    **CIVIL ACTION NO.    3:10CV590 DPS-FKB**

**MISSISSIPPI DEPARTMENT**    **DEFENDANT**
**OF PUBLIC SAFETY**

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**COMES NOW** the State Defendant, the Mississippi Department of Public Safety ("DPS"), and respectfully submits this Motion to Dismiss and asks the Court to dismiss the Plaintiffs' Complaint.

Plaintiffs have filed a complaint against the Mississippi Department of Public Safety, a state agency, under Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended. The complaint seeks unpaid overtime compensation, liquidated damages and court costs. Plaintiffs' complaint, however, is barred by the DPS' immunity under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Although the terms of the Eleventh Amendment nominally apply only to suits by "Citizens of another State," Supreme Court decisions have made clear that a State's immunity encompasses "suits by citizens against their own States." *See Board of Trustees of the Univ. of Alabama v. Garrett*, 351 U.S. 356, 363 (2001) (citations omitted); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1, 15

(1890). That is, the Eleventh Amendment guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Garrett*, 351 U.S. at 363.

The immunity granted to the State extends also to a state agency or department and cannot be avoided by suing an arm of the state or a state agency. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001). The DPS has been found by this Court to be an arm of the State. *Hopkins v. Mississippi*, 634 F.Supp.2d 709 (S. D. Miss. 2009); *King v. Miss. Highway Patrol*, 827 F.Supp. 402 (S.D. Miss. 1993). The DPS therefore shares the state's immunity from suit under the Eleventh Amendment.

Though Eleventh Amendment immunity may be abrogated by Congress or waived by the State, neither has occurred in this case. Congress has not lawfully abrogated Eleventh Amendment immunity through the FLSA because the FLSA was enacted pursuant to Congress' authority under the Commerce Clause. *Bunt v. Texas General Land Office*, 72 F. Supp. 2d 735, 737-38 (S.D. Tex. 1999) (collecting Circuit Court cases). Congress may only abrogate a state's immunity pursuant to its authority under Section 5 of the Fourteenth Amendment. *Early v. Southern Univ. & Agric. & Mech. Coll. Bd. Of Supervisors*, 252 Fed. Appx. 698, 700 (5th Cir. 2007) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)). Thus the FLSA did not abrogate the DPS' Eleventh Amendment immunity.

The state has not waived its own immunity from liability regarding the FLSA. In the Fifth Circuit, a State waives Eleventh Amendment immunity "either if (1) the state voluntarily invokes federal court jurisdiction, or (2) the state makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *Meyers v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005). Here, DPS is the Defendant in a lawsuit filed by the Plaintiffs; it has not invoked federal court

jurisdiction.  Moreover, the Mississippi Legislature has not waived the State's immunity from liability in suits arising under the FLSA.  To the contrary, the Mississippi Tort Claims Act, the State's only explicit waiver of sovereign immunity, provides that "the 'state' and its 'political subdivisions'...are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity[.]"  Miss. Code Ann. § 11-46-3(1).  Moreover, the MTCA provides that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."  Miss. Code Ann. § 11-46-5(4).  Therefore, the State, inclusive of the DPS, has not waived its immunity from liability for claims brought pursuant to the FLSA.

**WHEREFORE, PREMISES CONSIDERED,** State Defendant, the Mississippi Department of Public Safety, respectfully requests that the Plaintiffs' Complaint be dismissed.

Respectfully submitted this the 12th day of November, 2010.


BY:   JIM HOOD, ATTORNEY GENERAL
      STATE OF MISSISSIPPI

      _____
BY:   BENJAMIN BRYANT, MSB NO. 103623
      SPECIAL ASSISTANT ATTORNEY GENERAL


Office of the Attorney General
Post Office Box 220
Jackson, Mississippi  39205
Telephone No. (601) 359-3680
Facsimile No. (601) 359-2003