UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SCOTT W. HENLEY, ET AL.                                                                PLAINTIFFS

V.                                                      CIVIL ACTION NO. 3:10CV590 DPJ-FKB

STEPHEN B. SIMPSON, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF
THE MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,
AND ALBERT SANTA CRUZ, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS DIRECTOR OF THE
MISSISSIPPI HIGHWAY PATROL                                                         DEFENDANTS

ORDER

This lawsuit seeking overtime wages is before the Court on motion of Defendants Stephen B. Simpson and Albert Santa Cruz for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The Court, having considered the parties' submissions, along with the pertinent authorities, finds that Defendants' motion should be granted in part and denied in part.

I.      Facts and Procedural History

Five former canine officers with the Mississippi Highway Patrol filed this action in federal court seeking overtime wages for time spent caring for and training their dogs. Plaintiffs sued Public Safety Commissioner Stephen B. Simpson and Highway Patrol Director Albert Santa Cruz, in their individual and official capacities, seeking unpaid overtime compensation, injunctive relief, attorney's fees, and costs pursuant to the Fair Labor Standards Act (FLSA) and 42 U.S.C. § 1983. Amended Compl. [22] at 2. Defendants submit that dismissal is appropriate because (1) FLSA violations are not actionable under § 1983; (2) Plaintiffs' FLSA claims for damages are barred by the Eleventh Amendment; and (3) private litigants may not seek

injunctive relief under the FLSA. As explained below, the Court finds the motion should be granted in part and denied in part.

II.     Standard for Dismissal

Defendants moved to dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a

---

[1] Because Defendants filed an Answer, the Court believes Rule 12(c) is actually the applicable rule. *See Jones v. Greninger*, 188 F.2d 322, 324 (5th Cir. 1999). The standard for deciding a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as that under Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 330 n.8 (5th Cir. 2002) ("Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same.").

reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.   Analysis

   A.   Section 1983

Section 1983 provides a cause of action against any person who, under color of law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983.  Section 1983 does not create any substantive rights; it is a procedural vehicle to provide a remedy for violations of constitutional or statutory rights.  *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989).  But where "Congress has enacted a statute that covers a specific substantive area providing specific remedies, a cause of action under § 1983 is foreclosed." *Lafleur v. Tex. Dept. of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (finding § 1983 claim was preempted by ADEA).

Here, Plaintiffs employ §1983 as a vehicle to assert violations of the FLSA. Yet courts have consistently held that the FLSA provides an exclusive remedy for overtime violations. *Barfield v. Madison Cnty., Miss.*, 984 F. Supp. 491, 509 (S.D. Miss. 1997) (dismissing § 1983 claims because the FLSA provides the exclusive remedy), *abrogated on other grounds by Washington v. Fred's Stores of Tenn., Inc.*, 427 F. Supp. 2d 725 (S.D. Miss. 2006) (finding state-law negligence and conversion claims not preempted);  *see also Kendall v. City of Chesapeake, Va.*, 174 F.3d 437, 443 (4th Cir. 1999) (concluding "that the mechanisms established by the FLSA preclude a § 1983 action to enforce FLSA rights"); *Britt v. Grocers Supply Co., Inc.*, 978 F.2d 1441, 1448 (5th Cir. 1992) (noting that the ADEA is the exclusive

remedy for age discrimination and forecloses actions under § 1983) (citing *Zombro v. Baltimore City Police Dep't.*, 868 F.2d 1364, 1369 (4th Cir. 1989) (observing that the ADEA is part of the FLSA)); *Montano-Perez v. Durrett Cheese Sales, Inc.*, 666 F. Supp. 2d 894, 905 (M.D. Tenn. 2009) (noting "numerous courts have concluded that a plaintiff may not seek relief under §1983 for violations of the FLSA"); *O'Quinn v. Chambers Cnty., Tex.*, 636 F. Supp. 1388, 1392 (S.D. Tex. 1986) ("Moreover, the FLSA probably provides an exclusive remedy for violations of rights conferred by the FLSA."). Therefore Plaintiffs' § 1983 claims should be dismissed.

    B.     FLSA

Next, the Court considers Plaintiffs' attempt to obtain injunctive relief and monetary damages against Simpson and Santa Cruz in their individual and official capacities for alleged violations of the FLSA.

        1.     Claims for Monetary Damages

Defendants initially argue that Plaintiffs' damage claims are barred by sovereign immunity. The Eleventh Amendment "bars suits in federal court by citizens of a state against their own state or a state agency or department." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991). An official capacity suit is essentially a suit against the State and is subject to sovereign immunity. *See Marquez v. Woody*, 440 F. App'x 318, 324 n.9 (5th Cir. 2011) (noting that claims against state officials in their official capacities for damages are entitled to Eleventh Amendment immunity because the state that employs the officers is the real party in interest); *Fennell v. Tex. Educ. Agency*, 273 F.3d 1100, 2001 WL 1075862, at *1 (5th Cir. 2001) ("Suits against state officers in their official capacities seeking the payment of moneys from the state treasury for alleged compensatory damages, monetary damages, and payments in

the nature of equitable restitution are barred by the Eleventh Amendment."). Plaintiffs do not dispute this contention, and the Court finds Plaintiffs' claims for damages against Defendants in their official capacities should be dismissed.

On the other hand, the Eleventh Amendment does not bar damage suits against state officials in their individual capacities. *Modica v. Taylor*, 465 F.3d 174, 183 (5th Cir. 2006) (recognizing the "general rule"). But Defendants urge the Court to make an exception in this case, submitting that these claims for overtime wages, despite being styled "individual capacity claims," are fundamentally claims against the State. *See Luder v. Endicott*, 253 F.3d 1020 (7th Cir. 2001) (finding the Eleventh Amendment barred a suit for FLSA overtime wages against state employees in their individual capacities).

In *Luder*, 145 prison employees sued the warden and deputy warden in their individual capacities for three-plus years of overtime wages. The Seventh Circuit Court of Appeals reasoned that if the plaintiffs prevailed, due to the size of the judgment, realistically "[t]he money will flow from the state treasury to the plaintiffs," not out of the individual defendants' pockets. *Id.* at 1024. Concluding the suit was "transparently an effort at an end run around the Eleventh Amendment," the case was remanded with instructions to dismiss the suit. *Id*. at 1025.

The *Luder* analysis is somewhat appealing, but the Fifth Circuit has yet to apply this rationale to bar an individual-capacity suit.[2] In fact, the Fifth Circuit rejected this argument in *Modica*, where it acknowledged *Luder*, but nevertheless ruled that individual-capacity claims

---

[2] Defendants have not directed the Court to any Fifth Circuit opinions or district court decision within the circuit extending Eleventh Amendment immunity to individual-capacity claims.

under the FMLA were not barred by the Eleventh Amendment.³ 465 F.3d at 183; *see also New Orleans Towing Ass'n v. Foster*, No. 99-30995, 248 F.3d 1143, 2001 WL 185033, at *3–4 (5th Cir. 2001) (affirming denial of Eleventh Amendment immunity as to individual capacity claims for monetary damages); *Hudson v. City of New Orleans*, 174 F.3d 677, 687 n.7 (5th Cir. 1999) ("The Eleventh Amendment does not come into play in personal capacity suits, and the existence of an indemnification statute promising to pay judgments when an officer is sued in his individual capacity does not extend the Eleventh Amendment's protections around the officer."). In addition, unlike Title VII, the FLSA specifically provides that individuals can be considered employers and subject to personal liability. *See Lee v. Coahoma Cnty., Miss.*, 937 F.2d 220, 226 (5th Cir. 1991) (observing that sheriffs "fall[] within the class of managerial personnel considered employers by the FLSA"); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971–72 (5th Cir. 1984) (noting that an "employer" under the FLSA is jointly and severally liable under the FLSA for unpaid wages).

Granting immunity would constitute a departure from the general rule. And while the Fifth Circuit may be free to modify its position, this Court believes that the motion to dismiss should be denied under the current state of the law in this circuit.⁴ Plaintiffs' individual-capacity claims for monetary damages under the FLSA may proceed.

---

³ The FMLA and the FLSA share the same definition of "employer" and Congress intended the courts to treat them alike. 465 F.3d at 186.

⁴ Defendants are free to appeal this decision to the Fifth Circuit Court of Appeals. *See New Orleans Towing Ass'n*, 248 F.3d 1143, 2001 WL 185033, at *2 ("The denial of a motion to dismiss, which raises a colorable claim of immunity, is appealable under the collateral order exception to the finality requirement of 28 U.S.C. § 1291 (1993).").

2. Injunctive Relief

Defendants next contend that injunctive relief is not available to private litigants under the FLSA. There is a narrow exception to Eleventh Amendment immunity pursuant to *Ex parte Young*, 209 U.S. 123 (1908). "To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Here, Plaintiffs seek an injunction "commanding the Defendants to henceforth remit overtime compensation for all hours worked over forty (40) hours per week for the care, upkeep, and training of their law enforcement canines." Compl. [22] at 4.

As Defendants point out, however, private litigants do not have a right to seek injunctive relief under the FLSA; only the Secretary of Labor can pursue injunctive relief under the statute. *See* 29 U.S.C. § 211(a) ("Except as provided in section 212 of this title, the Administrator shall bring all actions under section 217 of this title to restrain violations of this chapter."); *Heitmann v. City of Chicago, Ill.*, 560 F.3d 642, 644 (7th Cir. 2009) (finding injunctive relief is permissible only in suits by the Secretary of Labor); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 750 F.2d 47, 51 (8th Cir. 1984) ("Courts are in agreement that under this scheme an employee's action can be maintained only to recover back wages and liquidated damages and not to obtain injunctive relief against future violations; only the Secretary is vested with the authority to seek an injunction."); *Keenan v. Allan*, 889 F. Supp. 1320, 1382 (E.D. Wash. 1995) *aff'd*, 91 F.3d 1275 (9th Cir. 1996) ("[O]nly the Secretary of Labor may seek an order to restrain violations of the

FLSA."). Plaintiffs ignored this argument in their response, and the Court finds that their claims for injunctive relief under the FLSA should be dismissed.

C. Other Claims

In their response to the motion to dismiss, Plaintiffs assert that Defendants' failure to compensate them for overtime violated Mississippi Code § 25-3-40 and contract law. These allegations are not properly before the Court because Plaintiffs raised them for the first time in response to the motion to dismiss, Plaintiffs were previously granted leave to amend their Complaint and did not include these claims, and Plaintiffs have not moved to amend their Complaint a second time.. *See Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

III. Conclusion

Based on the foregoing, the Court finds Defendants' motion should be granted in part and denied in part. Plaintiffs' § 1983 claims are dismissed, their claims for injunctive relief are dismissed, and their claims for monetary damages against Defendants in their official capacities are dismissed. The motion [37] is denied as to Plaintiffs' claims for monetary damages against Defendants in their individual capacities.

The stay of this matter is lifted, and the parties are directed to contact Magistrate Judge F. Keith Ball to request a new scheduling order.

**SO ORDERED AND ADJUDGED** this the 23rd day of July, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE