# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2013

Lyle W. Cayce
Clerk

No. 12-60608

SCOTT W. HENLEY; JAMES IVORY; JACOB L. LOTT; JERIS DAVIS; STEVEN S. CLARK,

        Plaintiffs - Appellees

v.

COMMISSIONER STEPHEN B. SIMPSON; ALBERT W. SANTA CRUZ,

        Defendants - Appellants

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-590

---

Before STEWART, Chief Judge, and BARKSDALE and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

    Stephen B. Simpson, former Commissioner of the Mississippi Department of Public Safety (MDPS), and Albert W. Santa Cruz, former Director of the Mississippi Highway Patrol (MHP), appeal, on an interlocutory basis, the district court's denying their motion to dismiss, on Eleventh Amendment sovereign-immunity grounds, monetary claims asserted against them in their individual capacity for payment of overtime wages allegedly owed Plaintiffs. They also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge Plaintiffs' seeking a declaratory judgment upholding their entitlement to past and future overtime wages, despite the district court's not having ruled on that issue.

Because the State of Mississippi is the real party in interest, Plaintiffs' monetary claims are barred by the Eleventh Amendment and must be dismissed for lack of subject-matter jurisdiction; because the district court did not rule on the declaratory-judgment request, we lack jurisdiction to review that issue. VACATED and DISMISSED in part; REMANDED in part.

### I.

The facts are undisputed. Plaintiffs Scott W. Henley, James Ivory, Jacob L. Lott, Jeris Davis, and Steven S. Clark are five former MHP K-9 officers. ("K-9" is the well-known, common abbreviation for "canine".) MHP K-9 officers use their police (service) canines for the purpose of apprehending criminals, detecting illegal narcotics, and promoting public relations. Pursuant to the MHP K-9 policy manual, Plaintiffs were required to house, care for, and train their service canines; this necessitated their working more than 40 hours a week.

In 2008, Plaintiffs filed grievances with MHP, asserting claims for payment of wages for all hours worked in excess of 40 a week. MHP denied relief. Next, Plaintiffs appealed to the Mississippi State Personnel Board, Employee Appeals Board. It dismissed that appeal because it presented non-grievable issues.

In 2010, Plaintiffs filed this action, presenting claims against MDPS pursuant to 42 U.S.C. § 1983 and 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act (FLSA)). They sought: recovery of overtime wages incurred in caring for, and training, their service canines while off duty; an injunction requiring payment of such wages; and a declaratory judgment that the wages were owed to them.

MDPS invoked sovereign immunity under the Eleventh Amendment and moved to dismiss. In response, Plaintiffs amended their complaint to add

2

Simpson and Santa Cruz (Defendants) in their *official* and *individual* capacity. MDPS was dismissed without objection.

In their answers, Defendants raised as an affirmative defense, *inter alia*, Eleventh Amendment sovereign immunity, and filed with their answer a motion for a specific reply, requiring Plaintiffs to plead with particularity facts which could overcome Defendants' immunity defenses. That motion was granted; the ordered Federal Rule of Civil Procedure 7(a) reply alleged Defendants implemented an unconstitutional policy (the above-referenced MHP K-9 policy manual) which proximately caused Plaintiffs' injuries.

Defendants moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6), contending: a claim pursuant to § 1983 could not be maintained because FLSA provided the exclusive remedy; Eleventh Amendment sovereign immunity barred the FLSA claims; and FLSA barred Plaintiffs' obtaining injunctive relief.

The motion was granted in part and denied in part. *Henley v. Simpson*, No. 3:10CV590DPJ-FKB, 2012 WL 3017812 (S.D. Miss. 23 July 2012). The district court held: FLSA provided Plaintiffs' exclusive remedy; FLSA claims against Defendants in their *official capacity* were barred by the Eleventh Amendment; FLSA claims against Defendants in their *individual capacity* were permitted pursuant to *Modica v. Taylor,* 465 F.3d 174 (5th Cir. 2006) (primarily concerning Family Medical Leave Act); and FLSA barred injunctive relief, because only the Secretary of Labor can obtain an injunction under it. It did not rule on Plaintiffs' declaratory-judgment request.

## II.

The denial of a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction based on Eleventh Amendment sovereign immunity is immediately appealable under the collateral-order doctrine announced by *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 546 (1949). *P. R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993). Such denials are

3

reviewed *de novo*. *E.g.*, *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005) (grant of Rule 12(b)(1) motion to dismiss on sovereign-immunity grounds reviewed *de novo*); *Ysleta Del Sur Pueblo v. Laney*, 199 F.3d 281, 285 (5th Cir. 2000) ("Eleventh Amendment immunity determinations, like other questions of subject matter jurisdiction, [are reviewed] *de novo*") (internal quotation marks and citation omitted). Defendants contend they are entitled to Eleventh Amendment immunity because: despite their being named in their individual capacity, Mississippi is the real party in interest; and a declaratory judgment, having the same impermissible effect as would a money judgment, is foreclosed by *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) and *Green v. Mansour*, 474 U.S. 64 (1985).

### A.

Primarily at issue is whether, despite Defendants' being named in their individual capacity, Mississippi is the real party in interest. If so, the Eleventh Amendment is a jurisdictional bar to Plaintiffs' claims being asserted in federal court.

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. CONST. Amend. XI. The Eleventh Amendment also vests a State with immunity against an action in federal court by that State's citizens, *Hans v. Louisiana*, 134 U.S. 1, 18 (1890); and such immunity is a limitation on federal courts' subject-matter jurisdiction, *Seminole Tribe*, 517 U.S. at 72-73.

An action by a citizen against a state official in his *official capacity* is an action against the State, and is barred by the Eleventh Amendment, subject only to the limited exception permitted by *Ex parte Young*, 209 U.S. 123 (1908) (action seeking prospective injunctive relief against state officer permissible against ongoing constitutional violation). *Ford Motor Co. v. Dep't of Treas. of State of Ind.*, 323 U.S. 459, 463 (1945) *overruled on other grounds by Lapides v.*

4

*Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). But, an action against a state official in his *individual capacity* may not in all instances implicate the Eleventh Amendment. *Hudson v. City of New Orleans,* 174 F.3d 677, 687 n.7 (5th Cir. 1999).

For example, if the State will indemnify an official sued in his individual capacity, that alone does not extend Eleventh Amendment immunity to that official. *Id.* On the other hand, although the Eleventh Amendment does not preclude monetary relief for past harms when the state official is sued in his individual capacity and will be personally liable for the judgment, *Hafer v. Melo*, 502 U.S. 21 (1991); *Kentucky v. Graham*, 473 U.S. 159 (1985), "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants", *Ford Motor Co.*, 323 U.S. at 464. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984) (State is party in interest if "judgment sought would expend itself on the public treasury . . . or [] compel [the State] to act") (internal citation and quotation marks omitted). Thus, if the State of Mississippi is the real party in interest, the Eleventh Amendment operates as "a real limitation on . . . federal-question jurisdiction", and the action cannot be maintained in federal court. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997).

Plaintiffs rely heavily on our court's earlier-referenced opinion in *Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006), contending it controls the disposition of this appeal. In *Modica*, plaintiff asserted claims arising under, *inter alia*, the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, after an alleged retaliatory termination. 465 F.3d at 183. Contesting a summary-judgment denial, defendant contended the Eleventh Amendment barred the FMLA claim because the State was the real party in interest. *Id.* In affirming, our court stated the general rule that the Eleventh Amendment does not ordinarily immunize a public official from an action against him in his individual capacity,

but qualified that rule by acknowledging the fact-specific nature of the real-party-in-interest inquiry. *Id.* at 183-84.

Plaintiffs also contend Defendants are "employers" as defined by FLSA, and therefore may be sued individually. They assert *Modica*, which held defendant was an "employer" under FMLA, *id.* at 185-87, justifies that contention. And, according to Plaintiffs, because Defendants were their "employers", they may be jointly and severally liable for FLSA violations resulting from their failure to pay the alleged overtime wages.

Defendants analogize this action to *Luder v. Endicott*, 253 F.3d 1020 (7th Cir. 2001). There, 145 former prison employees made FLSA claims against their supervisors, in their individual capacity, for payment of back wages. *Id.* at 1021. Recognizing that the State treasury would be ultimately liable for any damages because those supervisors lacked the financial resources to pay the damages sought, and because the threat of personal liability would dissuade public officials from succeeding those supervisors, the court held "a suit nominally against state employees in their individual capacities that *demonstrably* has the *identical* effect as a suit against the state is [ ] barred". *Id.* at 1023 (emphasis in original). Because the requested relief would invade the State fisc and forcibly align State policy with FLSA, the court held plaintiffs impermissibly circumvented the Eleventh Amendment by asserting against their supervisors that which they could not assert against the State. *Id.* at 1024-25.

Arguably, Plaintiffs' "employer" contention may enhance their claim; but, it alone cannot divest Defendants of immunity shelter. To be sure, *Modica* held FMLA includes in its definition of "employer" those public officials who act in their individual capacity. 465 F.3d at 185-87 (noting FMLA and FLSA definitions of "employer" are materially identical). It is therefore conceivable a state official's failure to comply with FLSA's strictures *might* give rise to a FLSA claim. But, assuming Defendants failed as Plaintiffs' "employers" to pay overtime compensation, thus giving Plaintiffs a colorable FLSA claim, that

6

"merely poses . . . not answer[s], the Eleventh Amendment question". *Luder*, 253 F.3d at 1022.

Because *Modica* is distinguishable on its facts, it does not have the weight accorded it by Plaintiffs. *Modica*'s plaintiff sought a remedy for a retaliatory act inflicted upon her directly by defendant in contravention of Title VII, FMLA, and the First Amendment. Here, Plaintiffs are challenging the State's compensation policy and whether their caring for, and training, service canines resulted in an accrual of overtime hours; they do not allege, for instance, that Defendants acted contrary to the written MHP K-9 policy manual in order to misappropriate wages for their own benefit. *Cf. Ford Motor Co.*, 323 U.S. at 462 (Eleventh Amendment no bar to suit against state official individually to recover money that official "wrongfully collected under color of state law").

Moreover, *Modica* cited *Luder* and intimated that where, as here, plaintiffs name state officials individually for the payment of wages, the State is the real party in interest. *Modica*, 465 F.3d at 183. Relevant here is that Defendants neither signed nor promulgated the challenged State compensation policy. Nor do Plaintiffs allege in their operative complaint or Rule 7(a) reply that Defendants enforced that policy inappropriately; rather, as noted *supra*, they claimed the policy was "unconstitutional". Plaintiffs therefore attempt an "end run" around the Eleventh Amendment by suing Defendants in their individual capacity in order to cause the State of Mississippi "to accede to their view of the [State's compensation policy] and pay them accordingly". *Luder*, 253 F.3d at 1024.

This action is factually analogous to *Luder*, because, as discussed *infra*, the payment of any wages owed Plaintiffs must ultimately come from the State treasury (indeed, Defendants may not have the ability to pay). Plaintiffs contend this is a *non sequitur*, because a State's voluntarily indemnifying its officials does not extend to them Eleventh Amendment immunity. But, as *Luder* recognizes, the State will have no choice but to indemnify Defendants; otherwise,

the risk of personal liability for implementing a State policy would guarantee no rational official would assume Defendants' state-office positions. *E.g., id.* In other words, a money judgment would "expend itself on the public treasury" and "compel the [State]" to revise the MHP K-9 policy manual. *Pennhurst*, 465 U.S. at 101 n.11.

Putting further distance between *Modica* and this action is the former's addressing a FMLA claim, rather than the FLSA claim at issue here. Prior to *Modica*, the Supreme Court held in *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721 (2003), that Congress used its Fourteenth Amendment, Section Five power ("Congress shall have power to enforce . . . provisions of [the Fourteenth Amendment]") to abrogate States' sovereign immunity against FMLA claims. In so holding, it carefully examined the controlling statute, which unambiguously authorized employees to seek damages "against any employer (including a public agency) . . . to include [] the government of a State". *Id.* at 726 (quoting 29 U.S.C. §§ 203(x), 2617(a)(2)). By contrast, the Court has not held, and Plaintiffs do not argue, that Congress has validly abrogated State sovereign immunity under the FLSA. *See, e.g., Seminole Tribe*, 517 U.S. 44. Although Plaintiffs assert that naming Defendants in their individual capacity is sufficient under *Modica* to except their claims from the Eleventh Amendment, the Court's differing treatment of FMLA and FLSA informs the fact-specific, real-party-in-interest inquiry.

Given the fact-specific nature of real-party-in-interest inquiries, a dismissal on Eleventh Amendment sovereign-immunity grounds would not conflict with *Modica*. *Cf. H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) ("When panel opinions appear to conflict, we are bound to follow the earlier opinion."). Accordingly, *Modica* does not require denying Defendants immunity. Although *Modica* states the general rule that the Eleventh Amendment is no bar to actions against officials in their individual capacity, application of that rule without context could elevate "empty

8

formalism" over the principles undergirding sovereign immunity. *Coeur d'Alene Tribe*, 521 U.S. at 270 ("The real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading."). Accordingly, Defendants, in their individual capacity, are entitled to dismissal on Eleventh Amendment sovereign-immunity grounds.

### B.

Appellate jurisdiction exists "where an order is final, [or] [the order] falls within a specific class of interlocutory orders made appealable by statute". *Janvey v. Alguire*, 647 F.3d 585, 603 (5th Cir. 2011). Absent a ruling, "there is [] no basis for interlocutory [] review". *Id.* (declining to review motion to compel arbitration where district court did not rule on the motion).

Although, as noted, sovereign-immunity denials are immediately appealable on an interlocutory basis, *P.R. Aqueduct & Sewer Auth.*, 506 U.S. at 143-44, and the district court denied immunity regarding the monetary-relief claims, it did not rule on Plaintiffs' request for declaratory relief. Accordingly, we have no jurisdiction to review the declaratory-judgment issue. *Janvey*, 647 F.3d at 603; *see also Masat v. United States*, 745 F.2d 985, 988 (5th Cir. 1984) (appellate "powers are limited to reviewing issues raised in, *and decided by*, the [district] court" (emphasis added)).

### III.

For the foregoing reasons, that part of the order denying Simpson and Santa Cruz relief in their individual capacity pursuant to Eleventh Amendment sovereign immunity is VACATED and Plaintiffs' monetary claims against them are DISMISSED; Plaintiffs' declaratory-judgment claim is REMANDED to district court for further proceedings consistent with this opinion.

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

BILL OF COSTS

NOTE: The Bill of Costs is due in this office *within 14 days from the date of the opinion*, See FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

Henley, et al. _____ v. Commissioner Stephen Simpson, et al. _____ No. 12-60608

The Clerk is requested to tax the following costs against: Plaintiffs - Appellees

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | 450 | | | | 450.00 |
| Appendix or Record Excerpts | 1 | 68 | 0.15 | 10.2 | 1 | 68 | .15 | 10.20 |
| Appellant's Brief | 7 | 56 | 0.15 | 58.8 | 7 | 56 | .15 | 58.80 |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | 7 | 36 | 0.15 | 37.8 | 7 | 36. | .15 | 37.80 |
| Other: | | | | | | | | |

Total $ 556.8

Costs are taxed in the amount of $ 556.80

Costs are hereby taxed in the amount of $ 556.80 this 5th day of July, 2013.

LYLE W. CAYCE, CLERK

By _____ Deputy Clerk

I, Harold E. Pizzetta, III _____, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 19th day of June, 2013.

(Signature)

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS

Attorney for Stephen B. Simpson; Albert W. Santa Cruz